### RICHARDS et al. v. WASHBURN et al.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

COMPENSATION OF ATTORNEYS.

    Plaintiffs, who were attorneys, agreed with defendants that for a specified sum they would examine the title to certain property upon which defendants sought a mortgage loan, and would furnish a policy of insurance from a title company. The company would have issued a policy even if the mortgage had been drawn in the usual form, but, in consequence of plaintiffs' insisting upon inserting a "receiver's clause," defendants refused to execute the proposed mortgage, and no policy was therefore procured. *Held*, in an action to recover for the services, that, as plaintiffs had no right to insist on the "receiver's clause," their failure to perform in full was due to their own fault, and not defendants', and they were not entitled to recover.

Appeal from trial term.

Action by J. Tredwell Richards and another against Norman S. Washburn, Jr., and others. From a judgment on a verdict directed by the court, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

J. Tredwell Richards, for appellants.
William H. Sage, for respondents.

RUMSEY, J. Upon the former appeal (43 N. Y. Supp. 615) it was held that, if the plaintiffs were acting as attorneys for the defendants, it was their duty to obey the defendants' instruction, and, when requested, they should have omitted the receiver's clause, which they put into the mortgage, and, if they were acting for Harbeck, it was their duty to disclose that fact to the defendants, and if, omitting that duty, they were not able to procure the policy of insurance because they followed Harbeck's instructions, they had failed to perform their contract, and in either case they were not entitled to recover. There is no question in this case as to the employment of the plaintiffs by the defendants, but it is established by the evidence, as it was established upon the former trial, that, having been employed by the defendants to procure the policy of insurance, they insisted, at the direction of Harbeck, in inserting in the mortgage the provision for the receiver against the instructions of the defendants, and that that insistence was the reason why the policy of insurance was not obtained and the loan not completed. The case is precisely, therefore, within the reasoning of the former decision, and it must be affirmed upon its authority. Richards v. Washburn, 14 App. Div. 237, 43 N. Y. Supp. 615.

The judgment must be affirmed, with costs. All concur.

BARRETT, J. (concurring). The plaintiffs' contract with Mr. Washburn called for the procurement by them—for the defendants—of a policy of title insurance, as part of the services for which they were to receive the round sum of $110. They could only recover this sum upon showing that they had performed the services in their entirety. They acknowledged that they failed so far as this policy of insurance was concerned; but they insist that their failure in that particular was because of the defendants' fault in not signing a mortgage which they had prepared for them. There was, however, no such fault on the defendants' part, for the reason that the mortgage, which they drew, was not an ordinary one, but was an oppressive instrument. The defendants were not called upon, nor should the plaintiffs have asked them, to sign it. It follows that the plaintiffs failed to fully perform their contract, and their failure resulted from their own fault, not the defendants'. Having failed to show full performance, or any fact excusing full performance, their complaint was properly dismissed, and the judgment should therefore be affirmed, with costs.